UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael W. Ogren,

    Plaintiff,

v.

Steven Sadowski,

    Defendant.

Civil No. 09-2614 (JRT/JJG)

**REPORT
AND
RECOMMENDATION**

JEANNE J. GRAHAM, United States Magistrate Judge

This matter came before the undersigned for a hearing on January 15, 2010 on a motion, by plaintiff Michael Ogren, for voluntary dismissal (Doc. No. 10). Anne Greenwood Brown, Esq., appeared for Mr. Ogren. Neil Polstein, Esq., appeared for defendant Steven Sadowski. The motion is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636(b) and Local Rule 72.1(b).

The parties agree that voluntary dismissal without prejudice is appropriate. Their only dispute is whether Mr. Ogren should pay Mr. Sadowski the attorney fees and costs he incurred during his defense.

The Eighth Circuit recognizes that, upon granting voluntary dismissal without prejudice, the plaintiff is ordinarily expected to pay the defendant for attorney fees and costs incurred in the course of the defense. *Belle-Midwest, Inc. v. Missouri Prop. & Cas. Ins. Guar. Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995). When making such an award, courts have discretion to determine what amount of attorney fees and costs are reasonable. *Painter v. Golden Rule Ins. Co.*, 121 F.3d 436, 440-41 (8th Cir. 1997).

Mr. Sadowski has not formally moved for an award of fees and costs. In his opposition to the motion for voluntary dismissal, Mr. Sadowski informally requests this relief. Mr. Ogren argues in part that, because Mr. Sadowski did not bring a motion of his own, his request for fees and costs is improper.

A review of Eighth Circuit authorities, including those cited by the parties, fails to reveal whether a defendant must proceed by formal motion. *See, e.g., Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037 (8th Cir. 2001) (per curiam); *Painter*, 121 F.3d at 440-41; *Belle-Midwest, Inc.*, 56 F.3d at 978-79; *Quick v. EMCO Enterprises, Inc.*, 251 F.R.D. 371, 373 (S.D.Iowa 2008). To the contrary, there is one Eighth Circuit case where the defendant did not bring a formal motion, yet the district court abused its discretion by not awarding fees and costs. *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th Cir. 1984).

If a plaintiff moves for voluntary dismissal, then pursuant to Rule 41(a)(2), the court may condition dismissal on "terms that the court considers proper." So even without a formal motion from Mr. Sadowski, a district court has discretion to impose an appropriate amount of fees and costs here.

The question then becomes what amount of fees and costs should be awarded. To answer this question, it is helpful to review how this litigation developed.

The litigation originates out of a loan Mr. Sadowski made to Mr. Ogren. As collateral for the loan, Mr. Ogren purportedly pledged his stake in Club Rage, a corporation doing business as the Myth nightclub in Maplewood, Minnesota. The pledge agreement allegedly provided that, in the event of default but prior to foreclosure, Mr. Sadowski would receive full voting authority for all Club Rage stock. If so, a default would give Mr. Sadowski complete control of the Myth.

Believing that Mr. Ogren had defaulted on the loan in July 2009, Mr. Sadowski seized the Myth and closed it down, barring Mr. Ogren from the premises. Mr. Ogren then filed an action against Mr. Sadowski in a Minnesota state district court on August 24, 2009. In the complaint, Mr. Ogren alleged malfeasance in how Mr. Sadowski operated the Myth after the seizure. Mr. Ogren contemporaneously moved for a temporary restraining order and a preliminary injunction.

Mr. Sadowski contends that he was never properly served with either the complaint or the motions. There was no notice, Mr. Sadowski alleges, until his counsel was contacted by the state district court on August 25, 2009. After a telephonic hearing the next day, the state district court granted the motion for a temporary restraining order in part, requiring that the Myth be opened for inspection and that the property there be left undisturbed.

A hearing on the preliminary injunction was scheduled for August 31, 2009. Meanwhile, counsel for Mr. Sadowski prepared to oppose the injunction, and also filed a motion to dismiss for defective service. Mr. Sadowski cancelled a hunting trip in Oregon and flew to Minnesota to appear at the preliminary injunction hearing. At the hearing, however, Mr. Ogren withdrew his motion for the preliminary injunction. According to the parties, the state district court did not hear the motion to dismiss and, when Mr. Sadowski orally requested an award of attorney fees, the court denied that relief.

When it became evident that the state district court would not immediately consider the motion to dismiss, Mr. Sadowski decided to remove the case to federal court. The defects with service were evidently resolved, and the parties held an initial discovery conference pursuant to Rule 26(f).

Around that time, however, Mr. Ogren signaled his intention to voluntarily dismiss the lawsuit. Mr. Sadowski countered that, unless his attorney fees and costs were compensated, he

would not agree to voluntary dismissal. This impasse precipitated the current motion. As Mr. Ogren correctly observes, the motion comes near the outset of this litigation, and the parties have yet to engage in any significant discovery or pretrial motion practice.

Mr. Sadowski now seeks to recover all his fees and costs in this litigation, from when he first learned about the complaint on August 25 until the present. Much of these expenses were incurred during the proceedings in state district court. These include the legal fees incident to his opposition against the temporary restraining order and a preliminary injunction, as well as the cost to return from his vacation. But at the August 31 hearing, the state district court refused to award fees. This Court will not revisit this decision, and moreover, does not think it reasonable to award Mr. Sadowski the costs from his aborted vacation related to the state court proceedings.

What remains are the attorney fees and costs Mr. Sadowski accrued since this litigation was removed to federal court. According to billing records submitted by counsel, Mr. Sadowski received 27.5 hours of legal services at the rate of $220 per hour, and another 2.5 hours of paralegal services at $40 per hour. Mr. Sadowksi also incurred $390.42 in costs. Such fees and costs are reasonable, and under these circumstances, this Court recommends an award in the amount of $6,540.42.

Mr. Ogren suggests that, as this litigation is still in its early stages, any award of fees and costs is excessive. This Court thinks it enough to observe that the recommended award here is reasonable and consistent with the procedural advancement of this lawsuit.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Mr. Ogren's motion for voluntary dismissal without prejudice (Doc. No. 10) be **GRANTED.**

2. All remaining claims in this litigation be **DISMISSED WITHOUT PREJUDICE** and judgment entered.

3. Mr. Ogren be directed to promptly pay Mr. Sadowski attorney fees and costs in the amount of $6,540.42.

Dated this 1st day of April, 2010.

    s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **April 15, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.